IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| MARYANN BARMORE, as Special Administrator of MARK A. BARMORE, Deceased, | ) ) ) ) | Case No. 09 C 50236 |
| Plaintiff, | ) ) ) | Judge Phillip G. Reinhard |
| vs. | ) ) ) | Magistrate Judge |
| CITY OF ROCKFORD, a municipal corporation; STANTON NORTH, Individually and as an Agent and/or Employee of the CITY OF ROCKFORD; and ODA POOLE, Individually and as an Agent and/or Employee of the CITY OF ROCKFORD, | ) ) ) ) ) ) ) ) | P. Michael Mahoney |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Defendants Oda Poole ("Poole") and Stan North ("North") were police officers employed with the Rockford Police Department on August 24, 2009 when they fatally shot Mark Barmore. Plaintiff Maryann Barmore filed a suit in state court on October 8, 2009 as the administrator of Mark Barmore's estate. The complaint contains counts for wrongful death and survivorship based on allegations that the use of force by Defendants was not justified. On October 13, 2009, the Defendants removed the case to this court, and the parties initiated discovery on December 23, 2009. Defendants Poole and North were deposed on June 30, 2011 and July 1, 2011, respectively. They had second depositions on August 25, 2011. At all depositions, both Defendants refused to answer certain questions about their conversations with mental health professionals based on the psychotherapist-patient privilege. Defendants also refused to tender "fitness for duty" evaluations

1

for Poole and North.  Plaintiff sought an order compelling Defendants North and Poole to provide oral testimony regarding their mental health evaluations and requiring them each to tender their fitness-for-duty evaluations.  After allowing the parties to brief Plaintiff's motion, the Magistrate Judge issued a Memorandum Opinion and Order granting the motion in part on February 7, 2012.

As to the fitness-for-duty evaluations, the Magistrate Judge considered the discussions of several other district courts that have addressed similar questions.  Based on a review, the Magistrate Judge keyed on two issues: (1) whether the Defendants had a reasonable expectation of privacy under the circumstances; and (2) whether the policy interests described by the Supreme Court were applicable to the Defendants in this case.  *See Jaffee v. Redmond*, 518 U.S. 1, 11 n.10, 116 S.Ct. 1923 (1996) (noting that "the entire community may suffer" if police officers are not able to receive confidential counseling and those in need of treatment remain on the job).  The Magistrate Judge found that both Defendants had a reasonable expectation that their fitness-for-duty evaluations, and their underlying communications with fitness evaluators, would be shared with a limited number of police officials for a limited purpose.  The Magistrate Judge also indicated that the policy considerations expressed by the Supreme Court supported the confidentiality of the evaluations. Ultimately, the Magistrate Judge held that the communications made by both officers in relation to their fitness-for-duty evaluations, and the evaluations themselves, were privileged.  Defendant North's communications in relation to his application for disability benefits were not privileged. Finally, the Magistrate Judge held that the Defendants' communications with their treating psychotherapists, and the associated treatment records, were clearly covered by the patient-psychotherapist privilege.  As a result of the Magistrate Judge's Order, Plaintiff and Defendant North filed Rule 72 objections to the District Court.

On May 15, 2012, the District Court issued a thoughtful order denying Defendant North's objection and granting Plaintiff's objection. The District Court indicated that it was only ruling on those parts of the Magistrate Judge's Order objected to by the parties, namely Defendant North's objection to the finding that his disability evaluation was not privileged and Plaintiff's objection to the finding that the fitness-for-duty evaluation was privileged.

As to the fitness evaluation, the District Court described the "dispositive question" as "whether a fitness evaluation such as those conducted with North and Poole involved the 'diagnosis and treatment' of the officers for the purpose of restoring their mental health." (Minute Order, Dkt. No. 135, May 11, 2012, p. 2.) On this question, the District Court held that the evaluation "clearly was not for the purpose of treatment." (*Id.*) The District Court found it a closer question on the issue of diagnosis, ultimately explaining that the context of the *Jaffee* decision indicated the Supreme Court only referred to diagnosis "in conjunction with the concept of treatment." (*Id.*) The District Court held that a psychological evaluation "related to the ability to perform the required functions of a police officer" was not within the meaning of "diagnosis related to treatment." (*Id.*) Because treatment was not the purpose of either officer's fitness-for-duty evaluation, the District Court held that neither the privilege nor the public interests described by the Supreme Court in *Jaffee* are applicable to the evaluations.

The District Court was careful to re-affirm the purposes underlying the privilege set forth in *Jaffee*, indicating that its ruling was "limited to the narrow circumstances of this case and should not be read in any way to apply to the situation of an officer voluntarily obtaining a psychological evaluation purely for treatment purposes." (*Id.* at 3.) The District Court found "the fitness evaluation to be categorically different from a psychological evaluation for purposes of medical

diagnosis and treatment" in terms of the type of information obtained and the purposes for which the evaluation will be used. (*Id.*) The District Court added that "the motivations and expectations of the officer in providing information will vary with the nature of the particular evaluation." (*Id.*)

The District Court granted Plaintiff's objection, thereby reversing the Magistrate Judge's order in part and granting Plaintiff's motion to compel "disclosure of the fitness evaluations of both North and Poole to the extent set forth in [the District Court's] order." (*Id.*) At the same time, the District Court denied Defendant North's objection, and upheld the decision of this court that Defendant North's psychological evaluation related to his disability application should be disclosed. The District Court indicated that the parties should apply to the Magistrate Judge for rulings on any issues that arise as to the disclosures compelled in the District Court's order.

The parties have now returned to the Magistrate Judge for guidance. The District Court's order attempted to draw a clear line between the Defendants' meetings with personal treating psychotherapists (hereinafter referred to as "treaters") and their fitness-for-duty or disability evaluators (hereinafter referred to as "evaluators"). That line gets blurry. It appears that the fitness-for-duty and disability evaluators collected, reviewed, potentially incorporated, and may have even relied upon some information from North and Poole's treaters in conjunction with their fitness evaluations. Based on a belief that the use of treaters' notes and medical records opens the door to discovery of all treaters' records, Plaintiff issued broad subpoenas seeking mental health records and depositions from five psychotherapists Defendant Poole met with and six psychotherapists Defendant North met with. The Plaintiff not only subpoenaed the records of the evaluators, but went directly to the treaters with broad subpoenas seeking depositions plus all records or communications related to the Defendant officers.

4

The Magistrate Judge previously held that Plaintiff is not entitled to any information in the hands of treaters, and that decision was upheld by the District Court. Both the Supreme Court and the District Court explained in no uncertain terms that a privilege exists between the officers and those psychotherapists they sought out for diagnosis and treatment. In its *Jaffee* decision, the Supreme Court explicitly rejected any balancing component that would allow a court to overrule the privilege based upon the circumstances. *Jaffee*, 518 U.S. at 17.

Everyone agrees, however, the "patient" can waive the privilege. *Id.* at 15 n.14. The key question becomes whether the Defendants waived the privilege as to their mental health records by allowing this information to be reviewed by the evaluators.

The Magistrate Judge holds the mere fact that the evaluators may have reviewed certain documents from an officer's past or present treater does not automatically constitute a waiver of the clearly established psychotherapist-patient privilege. To find otherwise would place law enforcement personnel in a difficult position: either defy your employer's requirement to sit for a full fitness-for-duty evaluation, or agree to the terms of the evaluation and effectively surrender your psychotherapist-patient privilege in exchange for the possibility of keeping your job. Of course, a third option would be for officers to simply avoid seeing mental health professionals at all, or to be less than forthcoming when they do seek treatment, for fear that their actions in the line of duty may lead to their private treatment information becoming public.[1] Presenting police officers with such

---

[1]The Supreme Court acknowledged this possibility in describing the "modest" evidentiary benefit of rejecting the existence of a privilege, noting that without a privilege in place "much of the desirable evidence to which litigants such as petitioner seek access ... is unlikely to come into being" because "confidential conversations between psychotherapists and their patients would surely be chilled." *Jaffee*, 518 U.S. at 11.

choices is in clear contravention of the public policy explained by the Supreme Court in *Jaffee*[2], and would diminish the District Court's categorical distinction between treating and evaluating psychotherapists.

Plaintiff's subpoenas evidence a belief that such a waiver exists and therefore opens the door to unfettered access to any and all treaters and treatment records. Clearly, the subpoenas issued to the treaters are inappropriate at this time. The Magistrate Judge has no information to suggest that Poole or North provided any sort of general waiver of their psychotherapist-patient privilege with their treaters. As the Magistrate Judge's February 7, 2012 Memorandum Opinion and Order indicated, the Defendants were only informed that a very limited number of individuals would learn of the results of their evaluations. The Magistrate Judge now finds that the Defendants' decisions to sit for fitness-for-duty and disability evaluations constituted a limited waiver only of their conversations with the evaluators and the resulting reports. The Magistrate Judge is confident such a finding is consistent with the District Court's holding that the fitness evaluations must be

---

[2]Indeed, the Supreme Court incorporated the following passage from the underlying Seventh Circuit case, *Jaffee v. Redmond*, 51 F.3d 1346 (7th Cir. 1995), as a footnote to exhibit the substantial privacy interests of police officers in seeking counseling after a traumatic on-duty incident:

> [Officer Redmond's] ability, through counseling, to work out the pain and anguish undoubtedly caused by Allen's death in all probability depended to a great deal upon her trust and confidence in her counselor, Karen Beyer. Officer Redmond, and all those placed in her most unfortunate circumstances, are entitled to be protected in their desire to seek counseling after mortally wounding another human being in the line of duty. An individual who is troubled as the result of her participation in a violent and tragic event, such as this, displays a most commendable respect for human life and is a person well-suited 'to protect and to serve.'

*Id.* at 7 (citing *Jaffee*, 51 F.3d at 1358).

disclosed, but that they are "categorically different from a psychological evaluation for purposes of medical diagnosis or treatment." (May 11, 2012 Minute Order, at 3.)

In addition to the privacy interest of the Defendants, there may be serious concerns about liability from the medical evaluators or treaters who are faced with decisions about the release of treatment records into public view over the objection of their patients. A poignant example of this can be found in the underlying facts of the *Jaffee* case, which involved a suit for excessive force and wrongful death against a police officer and the village that employed her after she shot and killed a suspect in the line of duty. The officer sought treatment after the incident, and her treating therapist[3] was reluctant to comply with multiple orders by the District Court compelling her to testify and produce documents about her conversations with her patient. *Jaffee*, 51 F.3d at 1351. The District Court eventually ordered sanctions against the defendant, including "an unfettered type of examination of [the officer's treating social worker]" by the plaintiff, based on the defendant's instruction to her therapist to not comply with a court order. The District Court also referred the matter of the therapist's non-compliance to the U.S. Attorney's Office for possible criminal contempt proceedings. *See* Brief of Respondents at 5, *Jaffee v. Redmond*, 518 U.S. 1, 116 S.Ct. 1923 (1996) (No. 95-266). The Seventh Circuit supported the treater's refusal to divulge information, noting that "noncompliance with a court's order is justified when the order commands the revelation of privileged information, the disclosure of which would result in irreparable injury." *Jaffee* 51 F.3d at 1352 n.8 (citing *In re Novak*, 932 F.2d 1397, 1401 n.7 (11th Cir. 1991)). Ultimately, the Supreme Court affirmed the Seventh Circuit's reversal of the District Court on the

---

[3]It is worth noting that Officer Redmond's therapist in *Jaffee* was the Director of Health and Human Services for the Village of Hoffman Estates, the same village that employed Officer Redmond as a police officer and was a co-defendant in the lawsuit.

issue of the privilege. In sum, the officer's treater was correct to maintain confidentiality, but was nevertheless faced with potential criminal contempt proceedings because of the ruling of the trial court. On the other hand, an improper release of the defendant's mental health information could have subjected her therapist to civil liability and/or criminal prosecution. *See* 740 ILCS 110/15, 110/16. The above simply illustrates the problems that may arise for the Defendants' mental health treaters unless the line between privileged and non-privileged materials remains clear.

In this case, the Defendants' treaters appear to have released their treatment records in accordance with a limited waiver conditioning said release on certain protections afforded by state and federal law, in addition to statements in the waiver limiting any redisclosure.[4] As the Supreme Court explained:

> the participants in the confidential conversation "must be able to predict with some degree of certainty whether particular discussions will be protected. An uncertain privilege, or one which purports to be certain but results in widely varying applications by the courts, is little better than no privilege at all." 449 U.S., at 393, 101 S.Ct., at 684.

*Id.* At 18 (quoting *Upjohn* 449 U.S. 383, 393, 101 S.Ct. 677, 684 (1981)). Clearly, the mental health professionals involved in this case are participants to the conversations and are due some degree of predictability when they release confidential records. To provide that predictability, the Magistrate Judge finds the underlying records or conversations from the Defendants' treaters, even if relied upon by the evaluators, are not discoverable. Therefore, the Magistrate Judge holds that the

---

[4]The Authorization Form provided to Leonard Pink, L.C.S.W. states that the patient (Poole) "understand[s] that both federal law (42 CFR) and Illinois state law prohibit redisclosure of any information disclosed to the recipients pursuant to this authorization unless this authorization specifically authorizes such redisclosure." (Def. Poole's Reply in Support, Dkt. No. 163, Exh. 1.)

production of the Defendants' mental health and treatment information is limited to the reports produced by the evaluators, and that the Plaintiff is not entitled to any underlying records or communications from the Defendants' treaters, even if they were relied-upon by the evaluators.

Based on the foregoing, the Defendants' motions to quash are granted. The court quashes all subpoenas issued to the Defendants' treating and evaluating physicians. The court understands that the reports produced as a result of the disability and fitness-for-duty evaluations have already been exchanged in discovery, and therefore, further compliance with the subpoenas issued to the evaluating psychotherapists is unnecessary. As to the original motion to compel seeking the Defendants' testimony regarding their fitness-for-duty evaluations, that motion is granted. The Defendants must answer questions relating to their conversations with the evaluating psychotherapists, though they may maintain the privilege as to any information that relates to direct discussions with or medical records from their respective treaters. The Plaintiff is granted one hour for the re-convened deposition of Defendant North and one hour for the re-convened deposition of Defendant Poole. The parties are to complete the re-convened depositions on or before the September 28, 2012 fact discovery cut-off date.

Plaintiff has also filed motions for sanctions against Defendants North and Poole based on their alleged interference with the subpoenas issued to the treaters and evaluators. The Defendants argue the deadline by which Plaintiff gave the treaters and evaluators to respond to the subpoenas effectively removed any opportunity for the Defendants to object. As this court and the District Court have made clear, the Defendants have a privacy interest in certain privileged information that the subpoenas requested. The subpoenas were issued by the Plaintiff to Defendant North's psychotherapists on June 22, 2012 and to Defendant Poole's psychotherapists on June 25, 2012.

Counsel for the Defendants received notice of the subpoenas on June 28, 2012. The subpoenas gave a deadline of July 2, 2012 to respond. Counsel for Poole, in conjunction with counsel for North, emailed Plaintiff's counsel on June 29, 2012 to indicate an intent to object to the subpoenas. The email requested an extension of the response deadline for the subpoenas because the court would not be available to hear a motion to quash until July 11, 2012, well after the response deadline. When they did not hear back from Plaintiff's counsel, Defendants' attorneys proceeded to issue letters to the psychotherapists instructing them not to respond to the subpoenas. In light of foregoing discussion of the motions to quash, the court finds that sanctions are not appropriate based upon the circumstances. Plaintiff's motions for sanctions are denied.

Lastly, Plaintiff has filed a motion asking that the court remove the protective order governing discovery in this case. A protective order was entered in this case on June 11, 2010 by agreement of the parties. The protective order was a private contract between the parties that the court approved. The court refuses to issue a blanket removal of the protective order at this time. The court notes that the protective order appears to be more broad that what current Seventh Circuit case law would allow in terms of filing materials with the court or entering them into evidence at trial. For these reasons, the court orders the parties to hold a Local Rule 37.2 conference and submit to the court a revised protective order within 21 days of this order. The parties are specifically directed to the recent General Order 12-0018 issued by the Northern District of Illinois, which created the Form LR26.2 Model Confidentiality Order. A copy of the General Order is attached to this Order.

The parties have 14 days from service of this order, as calculated under Rule 6, to file objections with Judge Reinhard pursuant to Fed. R. Civ. P. 72. Objections need not be presented as

stated in L.R.5.3.  A failure to file timely objections may result in waiver of issues on appeal.


**E N T E R:**

_____
**P. MICHAEL MAHONEY, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**


**DATE**: August 29, 2012

**Form LR 26.2**
**MODEL CONFIDENTIALITY ORDER**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

|                  |   |                   |
|------------------|---|-------------------|
|                  | ) |                   |
|                  | ) |                   |
| Plaintiff        | ) |                   |
|                  | ) |                   |
| v.               | ) | Civil No.         |
|                  | ) | District Judge    |
|                  | ) | Magistrate Judge  |
|                  | ) |                   |
| Defendant        | ) |                   |

**[Agreed]** Footnote Confidentiality Order

**[if by agreement]** The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

**[if not fully agreed]** A party to this action has moved that the Court enter a confidentiality order. The Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court. Accordingly, it is ORDERED:

1. **Scope.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the

producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. Footnote Information or documents that are available to the public may not be designated as Confidential Information.

**3. Designation.**

**(a)** A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

**(b)** The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this

order. Footnote

### 4. Depositions. Footnote

**Alternative A.** Deposition testimony is protected by this Order only if designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the record at the time the testimony is taken. Such designation shall be specific as to the portions that contain Confidential Information. Deposition testimony so designated shall be treated as Confidential Information protected by this Order until fourteen days after delivery of the transcript by the court reporter to any party or the witness. Within fourteen days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record identifying the specific portions of the transcript that are designated Confidential Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. The failure to serve a timely Notice of Designation waives any designation of deposition testimony as Confidential Information that was made on the record of the deposition, unless otherwise ordered by the Court.

**Alternative B.** Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following: No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given, Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

### 5. Protection of Confidential Material.

**(a) General Protections.** Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. **[INCLUDE IN PUTATIVE CLASS ACTION CASE:** In a putative class action, Confidential Information may be disclosed only to the named plaintiff(s) and not to any other member of the putative class unless and until a class including the putative member has been certified.]

**(b) Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

**(1) Counsel.** Counsel for the parties and employees of counsel who have responsibility for the action;

**(2) Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

**(3) The Court and its personnel;**

**(4) Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

**(5) Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

**(6) Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action

but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(**7**) **Witnesses at depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(**8**) **Author or recipient.** The author or recipient of the document (not including person who received the document in the course of litigation); and

(**9**) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

**c) Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

**6. Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving

party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

**7. Filing of Confidential Information.** This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with Local Rule 26.2.

**8. No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

**9. Challenges by a Party to Designation as Confidential Information.** The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

**(a) Meet and Confer.** A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

**(b) Judicial Intervention.** A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

**10. Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**11. Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**12. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

**(a)** If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or

order. Such notification must include a copy of the subpoena or court order.

**(b)** The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

**(c)** The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

**13. Challenges by Members of the Public to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

**14. Obligations on Conclusion of Litigation.**

**(a)** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b)** Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT

TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; Footnote or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation provided that its use does not disclose or use Confidential Information.

**(c) Deletion of Documents Filed under Seal from ECF System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

**15. Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

**16. No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific

document or issue.

**17. Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

*So Ordered.*
Dated: _____

U.S. District Judge
U.S. Magistrate Judge

**[Delete signature blocks if not wholly by agreement]**

**WE SO MOVE
and agree to abide by the
terms of this Order**

_____
Signature

_____
Printed Name

Counsel for: _____

Dated:

**WE SO MOVE
and agree to abide by the
terms of this Order**

_____
Signature

_____
Printed Name

Counsel for: _____

Dated:

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| Plaintiff | ) | Civil No. |
| | ) | |
| v. | ) | |
| | ) | |
| Defendant | ) | |

**ACKNOWLEDGMENT**
**AND**
**AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____     _____
                                            Signature