# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 09 C 50236 | **DATE** | 11/21/2012 |
| **CASE TITLE** | Maryann Barmore vs. City of Rockford, et al. | | |

**DOCKET ENTRY TEXT:**

Defendant City of Rockford's motion to amend/correct its answer [181] is denied. The court strikes any remaining briefing schedule on this matter.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

This matter is before the court on a motion by Defendant City of Rockford ("the City") for leave to file an amended Answer with affirmative defenses. On numerous occasions the court has outlined the extensive procedural history of this case, and it will not do so again here. However, the court will point out that this case was removed to this court on October 13, 2009, and that it has been heavily litigated. The facts relevant to the City's motion are as follows: the City filed an answer on November 30, 2009 for itself and Defendants North and Poole. Due to conflict between the defending parties, Defendants North and Poole were allowed to withdraw their answers and each filed an amended answer on October 11, 2010. Both North and Poole's amended answers contained affirmative defenses. The City's answer had no affirmative defenses. On November 2, 2012–the fact discovery cut-off date–the City presented its motion for leave to file an amended answer that includes affirmative defenses.

Rule 8(c) of the Federal Rules of Civil Procedure states that a party must state any affirmative defense in its responsive pleading. Fed. R. Civ. P. 8(c). A failure to state affirmative defenses in a responsive pleading may result in waiver. However, Rule 15(a) instructs that leave to amend a pleading should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). This does not mean that the court must automatically grant leave to amend. Rather, the court has discretion to weigh the benefits of the proposed amendment against factors such as undue delay or prejudice against the opposing party. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

The City filed its motion for leave to amend three days before the fact-discovery cut-off date, and presented it on the day fact discovery was set to close in this case. The fact discovery cut-off has been extended on nine occasions, and the last extension granted on October 4, 2012 was intended to be final. While the City's motion is presumptively untimely, at the November 2, 2012 hearing the court granted the parties time to brief the motion, and specifically asked the City to address the following questions in its brief: (1) will the proposed affirmative defenses draw this case out more; (2) have the issues raised in the

affirmative defenses already been the subject of discovery, and therefore not delay the case at all; (3) why is the motion filed beyond the time contained in the case management order for the amendment of pleadings; and (4) why did the City wait until the last possible date to file their motion?

The City has filed its memorandum in support of its motion, which has provided the court with sufficient information to rule. The first half of the brief in support is devoted to procedural history and a recitation of the relevant Federal Rules on this matter. The next several pages of the City's brief contain a comparison illustrating the overlap between the City's proposed affirmative defenses and those filed by North and Poole. There is no question that the parties have had ample opportunity to explore through discovery information relevant to the affirmative defenses already pled by North and Poole. As the City points out, most of their proposed affirmative defenses "really are the Co-Defendants' Affirmative Defenses, which have already been plead ... ." (Def.'s Memorandum in Support of Motion for Leave, Dkt. No. 199, p. 6.) The court now reiterates the operative questions: (1) why, if the co-Defendants were able to file their affirmative defenses more than two years ago, did the City wait to this point to attempt to plead these defenses; (2) how would allowing the amendments be in the interest of justice; and (3) what impact would allowing the amendment have on the fact discovery cut-off date?

The City's answers to each question are instructive. As to why the motion came at the close of discovery, the City states the following: "Since a few affirmative Defenses normally develop during the course of fact discovery, it has become the practice of the City to wait until the near close of discovery to raise said defenses." (Def.'s Mem., Dkt. No. 199, p. 9.) The City provides no justification for ignoring the Federal Rules of Civil Procedure and the case management order entered by the court in this case. The Federal Rules do not allow parties, as a matter of practice, to wait until the end of discovery to plead affirmative defenses.

As to how the amendments would be in the interest of justice, the City explains that other than the statutory defense of *respondeat superior*, the proposed defenses "are derivative of the Affirmative Defenses of Co-Defendants and are not completely necessary to the City's defense of this litigation." (Def.'s Mem., Dkt. No. 199, p. 9.) Rather, the City contends that it wishes to add the affirmative defenses in order to "present a unified front among the Defendants and to perfect the record in this case." (Def.'s Mem., Dkt. No. 199, p. 9.) The City's justification falls well short of any interest that could outweigh the extreme untimeliness of the City's motion.

By the court's own review, there appear to be two proposed affirmative defenses raised by the City that were not raised by Defendants North and Poole. First, the City offers a proposed affirmative defense of *respondeat superior*, which it says is "merely a statutory codification" (whatever that means). The other affirmative defense the City seeks to introduce into this case for the first time is the proposed defense of consent. This proposed affirmative defense attempts to incorporate the facts enumerated in the City's proposed first affirmative defense of common-law self defense and defense of others. The facts described in the first affirmative defense were raised by Defendants North and Poole more than two years ago. However, the City argues that new information uncovered through the discovery process justifies the amendment. Specifically, the City describes testimony from the Decedent's natural father "and others" as indicating that Plaintiff may have had a mental condition that "could have prompted erratic and/or suicidal behaviors." (Def.'s Mem., Dkt. No. 199, p. 7.) The City includes the additional argument that the Decedent's condition "at the very least debilitated Plaintiff's decedent from gainful employment." (Def.'s Mem., Dkt. No. 199, p. 7.) This proposed affirmative defense would clearly require additional discovery.

Moreover, the consent defense gives no reasonable notice that it would in any way relate to the

alleged new information regarding the Decedent's mental condition. The court sees no plausible connection between a defense that the Decedent consented to assault and battery and the alleged "new" information relating to the Decedent's mental condition and ability to be gainfully employed. Notwithstanding, the City states that the Decedent's father was deposed on August 16, 2012. The City also references statements made during the depositions of Anthony Stevens, Maryann Barmore, and Devin Barmore, though no dates or exhibits are provided as to these statements. The bottom line is even if the supposed new information did justify an amendment, the City waited, at a minimum, two-and-a-half months before filing the motion for leave to amend at the fact discovery cut-off. Too long.

     For the foregoing reasons, the City's motion for leave to file an amended answer with affirmative defenses is denied. The court strikes any remaining briefing schedule on this matter.

| | Courtroom Deputy Initials: | BTJ |
|---|---|---|