# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 50236<br>09 C 50240 | **DATE** | 5/3/2013 |
| **CASE TITLE** | Barmore v. City of Rockford, et al.<br>Kingdom Authority International Ministries, Inc., et al. v. City of Rockford, et al. | | |

**DOCKET ENTRY TEXT:**

For the foregoing reasons, the motion of the plaintiffs in 09 C 50240 to join in plaintiff's Fed. R. Civ. P. Rule 72(a) objection [#154] is granted. That objection is denied. This order is entered in 09 C 50240 as well in this case.

■[ For further details see text below.]

Electronic Notices.

## STATEMENT - OPINION

Plaintiff, Maryann Barmore, as special administrator of the estate of Mark A. Barmore, objects [172] to Magistrate Judge Mahoney's order [169] granting the motions of defendants Poole [145] and North [147] to quash subpoenas issued to certain mental health providers.[1] The subpoenas were issued to the mental health providers after plaintiff received, pursuant to prior court order [135], discovery of psychological evaluations related to fitness for duty that had been prepared on Poole and North. The plaintiffs in case No. 09 C 50240, which has been consolidated with this case for purposes of discovery, move [docket #154 in case number 09 C 50240] to join in this objection. The motion to join in the objection is granted.

When a party objects to a magistrate judge's order on a nondispositive matter, the district court will set aside or modify the order if it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Weeks v. Samsung Heavy Industries Co., 126 F.3d 926, 943 (7th Cir. 1997).

In an order [135] entered on May 11, 2012, this court considered plaintiff's objection to Magistrate Judge Mahoney's ruling denying plaintiff's motion to compel disclosure of Poole and North's psychological evaluations related to their fitness for duty. The court agreed with plaintiff that these evaluations must be disclosed as they did not fall within the psychotherapist-patient privilege recognized in Jaffe v. Redmond, 518 U.S. 1 (1996). The court found "the fitness evaluation to be categorically different from a psychological evaluation for purposes of medical diagnosis and treatment. In the latter, an officer is a patient desiring to get well. In the former, he is an employee hoping to keep his job. Clearly, the information obtained from each respective evaluation will be different and will be used for different purposes. Similarly, the motivations and expectations of the officer in providing information will vary with the nature of the particular evaluation." Barmore v. City of Rockford, No. 09 C 50236, 2012 WL 1660651 * 3 (N.D. Ill. May 11, 2012) (Reinhard, J.).

After obtaining the fitness evaluations, plaintiff then subpoenaed the treating mental health providers. Plaintiff contends the treating mental health providers reports were used in the fitness evaluations, that Poole and North expressly agreed to non-confidential review of these reports in conjunction with the fitness evaluations and that

this constituted an express waiver of the psychotherapist-patient privilege. Magistrate Judge Mahoney quashed the subpoenas finding that Poole's and North's "decisions to sit for fitness-for-duty and disability evaluations constituted a limited waiver only of their conversations with the evaluators and the resulting reports." Barmore v. City of Rockford, No. 09 C 50236, 2012 WL 3779045 * 4 (N.D. Ill. Aug. 29, 2012) (Mahoney, M.J.). Magistrate Judge Mahoney noted that the "treaters appear to have released their treatment records in accordance with a limited waiver conditioning said release on certain protections afforded by state and federal law, in addition to statements in the waiver limiting any redisclosure." Id. at * 5. He went on to find the "production of the Defendants' mental health and treatment information is limited to the reports produced by the evaluators, and that the Plaintiff is not entitled to any underlying records or communications from the Defendants' treaters, even if they were relied-upon by the evaluators." Id.

In its May 11, 2012, order, this court noted that the Supreme Court in Jaffe "held that confidential communications between a licensed psychotherapist and his patient in the course of 'diagnosis and treatment' are protected from compelled disclosure." Barmore, 2012 WL 1660651 at * 2. This court went on to require disclosure of the fitness evaluations because it found they "did not involve the 'diagnosis and treatment' of the officers for the purpose of restoring their mental health." Id. at * 3. Now, the circumstances are different.

The treating psychotherapists communications with Poole and North were clearly for the purpose of diagnosis and treatment and fall within the privilege. Plaintiff contends the fact the fitness evaluators reviewed information from the officers' treaters waives any claim to the privilege. Magistrate Judge Mahoney found "the mere fact that the evaluators may have reviewed certain documents from an officer's past or present treater does not automatically constitute a waiver of the clearly established psychotherapist-patient privilege. To find otherwise would place law enforcement personnel in a difficult position; either defy your employer's requirement to sit for a full fitness-for-duty evaluation, or agree to the terms of the evaluation and effectively surrender your psychotherapist-patient privilege in exchange for the possibility of keeping your job. Of course, a third option would be for officers to simply avoid seeing mental health professionals at all, or to be less than forthcoming when they do seek treatment, for fear that their actions in the line of duty may lead to their private treatment information becoming public. Presenting police officers with such choices is in clear contravention of the public policy explained by the Supreme Court in Jaffe and would diminish the District Court's categorical distinction between treating and evaluating psychotherapists." Barmore, 2012 WL 3779045 at * 3.

Magistrate Judge Mahoney made a fair application of the principles of Jaffe to the circumstances here. As this court noted in its May 11, 2012 order, Jaffe identified the need for a confidential relationship to promote successful treatment and also a public interest in assuring the provision of appropriate treatment for individuals suffering the effects of a mental or emotional problem. "In the context of police officers who face stressful circumstances that may give rise to anxiety, depression, fear or anger, the entire community may suffer if police officers are not able to receive effective counseling and treatment after traumatic incidents. This is so because either trained officers leave the force prematurely or because those in need of treatment remain on the job." Barmore, 2012 WL 1660651 at *2 (internal quotation marks and citations omitted). In light of these concerns expressed in Jaffe and reiterated by this court, Magistrate Judge Mahoney concluded the consent of Poole and North to consideration by the evaluators of information from the treaters did not waive the psychotherapist-patient privilege so as to make the treaters' records or the officers' communications with the treaters subject to disclosure. This conclusion is not clearly erroneous nor contrary to law.

For the foregoing reasons, the motion of the plaintiffs in 09 C 50240 to join in plaintiff's Fed. R. Civ. P. Rule 72(a) objection is granted. That objection is denied. This order is entered in 09 C 50240 as well in this case.

1. Poole and North were police officers for the City of Rockford when they fatally shot plaintiff's decedent, Mark Barmore. This case arises from that incident.